CATHERINE LYALL, Respondent, v. WEBSTER MOTOR SALES
COMPANY, INC., Appellant.

Third Department, May 7, 1919.

**Sale — action to recover alleged overpayment on purchase price —
verdict contrary to evidence.**

In an action to recover an alleged overpayment on the purchase price of
an automobile *held* that a verdict in favor of the plaintiff was contrary
to the evidence.

APPEAL by the defendant, Webster Motor Sales Company,
Inc., from a judgment of the County Court of Schenectady
county in favor of the plaintiff, entered in the office of the
clerk of said county on the 10th day of June, 1918, upon the
verdict of a jury, and also from an order entered in said clerk's
office denying defendant's motion for a new trial made upon
the minutes.

*J. W. Collamer*, for the appellant.

*George H. Smith*, for the respondent.

LYON, J.:

The plaintiff brought this action to recover $100, an alleged
overpayment on the purchase of a Ford automobile. Before
and at the time of signing the contract for the automobile
for the sum of $399.22, the plaintiff paid the defendant $199.61,
and was given a receipt therefor, and gave three notes of
$66.54 each for the balance due, payable in one, two and three
months from July 25, 1917. The plaintiff testified that on
August ninth, at the time of making the first payment of $100,
the defendant gave her the first note and a receipt for $100.
Concededly, this was a mistake, as she was only entitled
to a receipt for $33.46 in addition to the note. The plaintiff
offered in evidence the pages of defendant's cash book, and
the pages from the ledger, which corroborate the testimony
of the defendant. The division of $33.46 and $33.08 of the
second note placed together upon one line of the ledger were
so placed to balance the item of the note placed upon the

opposite line. The plaintiff's case is based largely upon her possession of the notes and receipts. She is very forgetful and uncertain in her testimony. In the spring she discovered the alleged overpayment. Her agent testifies that at the time she paid the $100 he thinks she had the one receipt for $199.61, and three notes in her possession. How could she have the notes when concededly she made the $100 payment shown by the receipt of August ninth, before making any payment on the notes? He says he assumes she had overpaid $100 from the fact that the two receipts of $199.61 and of $100, with the three notes given for the automobile amounted to $100 more than the price of the automobile. The defendant's saleswoman testified that at the time the plaintiff made the final payment upon the notes she asked the plaintiff for the return of the receipt before surrendering the two notes, and the plaintiff said she had not the receipt.

The verdict was contrary to the evidence, and the judgment must be reversed and a new trial had, with costs to the defendant to abide the event.

All concurred.

Judgment and order reversed, on the ground that the verdict is contrary to the evidence, and new trial granted, with costs to appellant to abide the event.